Matter of Kevelson (2024 NY Slip Op 03048)

Matter of Kevelson

2024 NY Slip Op 03048

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-04684
2023-04686

[*1]In the Matter of Stephen Kevelson, deceased. Harry Catton, et al., respondents; Terriann Kevelson, appellant. (File No. 4661/14)

Bruce M. DiCicco (Braverman Greenspun, P.C., New York, NY [Jonathan Kolbrener], of counsel), for appellant.
Peter G. Gray, Brooklyn, NY, for respondent David Kevelson.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from (1) an order of the Surrogate's Court, Kings County (Rosemarie Montalbano, S.), dated March 8, 2023, and (2) an order of the same court dated April 5, 2023. The order dated March 8, 2023, denied the objectant's motion in limine, inter alia, to preclude the admission into evidence of a prenuptial agreement between the objectant and the decedent or any proof relating thereto. The order dated April 5, 2023, after a hearing, directed dismissal of the objectant's objections to probate of the decedent's last will and testament and admission of the will to probate.
ORDERED that on the Court's own motion, the notice of appeal from the order dated April 5, 2023, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated March 8, 2023, is affirmed; and it is further,
ORDERED that the order dated April 5, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent David Kevelson.
The decedent and the objectant were married in 1991. In October 2014, the decedent died, survived by the objectant and three adult children from a prior marriage, including the respondent David Kevelson (hereinafter the respondent). The petitioner commenced this proceeding to admit to probate a last will and testament of the decedent dated May 8, 2013. The respondent and the decedent's two other children were named as beneficiaries under the will. However, the objectant was not so named, and, thus, she filed objections in response to the petition. During the course of discovery, the objectant produced copies of a prenuptial agreement between the objectant and the decedent dated March 6, 1991. The prenuptial agreement provided, inter alia, that the objectant and the decedent each waived any rights of election against the other spouse's will, as well as waived "the right to take his or her intestate share in the other party's estate." The agreement also included provisions prohibiting either of the parties from "waiv[ing] or relinquish[ing] . . . any term [*2]or condition" thereof, or making any "amendment, modification[,] or waiver of any of the terms" of the agreement, in any manner except "in writing duly signed by such party with the same formality as this [a]greement." Based on these provisions, the petitioner argued that the objectant lacked standing to contest the validity of the will.
In December 2019, by way of papers denominated as a motion in limine, the objectant moved, inter alia, to preclude the admission into evidence of the prenuptial agreement or any proof relating thereto. The Surrogate's Court then scheduled a hearing to determine the admissibility of the prenuptial agreement. In October 2022, on the date of the hearing, the petitioner produced the purported original prenuptial agreement, while the objectant asserted an objection to its admissibility. The court then permitted the parties to brief certain additional issues relating to the admissibility of the prenuptial agreement in lieu of proceeding with the hearing.
In an order dated March 8, 2023, the Surrogate's Court denied the objectant's motion in limine and directed the parties to appear for a "hearing regarding the admissibility of the [prenuptial agreement] at which time the [petitioner] shall lay the foundation for the admission of the original signed [a]greement." During the hearing, the court admitted the purported original prenuptial agreement into evidence. At the close of the hearing, the respondent's counsel argued that the prenuptial agreement was valid and, therefore, the objectant lacked standing to object to probate of the will. In an order dated April 5, 2023, the court directed dismissal of the objectant's objections to probate of the will for lack of standing and admission of the will to probate. The objectant appeals from the order dated March 8, 2023, and the order dated April 5, 2023.
As an initial matter, although the order dated March 8, 2023, disposed of the objectant's motion, delineated as a motion in limine, the order is nonetheless appealable. The March 8, 2023 order decided a motion made upon notice and, under the circumstances, affected substantial rights of the parties (see CPLR 5701[a][2][v]; Brash v Richards, 195 AD3d 582, 585; Matter of City of New York v Mobil Oil Corp., 12 AD3d 77, 80-81).
"The determination to dismiss objections and admit a will to probate is within the sound discretion of the Surrogate's Court. Provided there is no indication that the Surrogate's Court improvidently exercised its discretion, its determination will not be disturbed, especially where the evidence establishes a prima facie case for probate and the objections fail to raise any material issue of fact concerning the validity of the will" (Matter of Curtis, 130 AD3d 722, 722 [citations omitted]). Moreover, "EPTL 5-1.1-A(e)(2) provides that a waiver or release of a surviving spouse's right to an elective share of the estate of the deceased spouse must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property" (Matter of Abady, 76 AD3d 525, 526 [internal quotation marks omitted]).
Contrary to the objectant's contention, the Surrogate's Court properly directed dismissal of her objections to probate of the will for lack of standing and admission of the will to probate. The prenuptial agreement complied with the statutory requirements and was sufficient to constitute a waiver of the right the objectant otherwise had to an elective share of the decedent's estate (see id.), and the objectant does not assert otherwise. Instead, the objectant argues, inter alia, that she and the decedent validly terminated the prenuptial agreement and that, even if they did not, the decedent effectively rescinded his rights thereunder. However, the court properly rejected the objectant's assertion that she and the decedent had terminated the prenuptial agreement by purportedly orally agreeing to revoke their rights and obligations thereunder and physically destroying it. Contrary to the objectant's contention, the terms of the prenuptial agreement were sufficient to establish that the prenuptial agreement could not be terminated without a writing, and the objectant "did not produce any evidence of such . . . writing" (Kypreos v Spiridellis, 124 AD2d 786, 788, citing General Obligations Law § 15-301; see Weslowski v Zugibe, 167 AD3d 972, 974; Matter of Ajar, 237 AD2d 597, 600-601). Further, the court correctly concluded that the objectant's waiver of her right to an elective share of the decedent's estate was not rescinded due to the decedent's alleged lack of consideration, since a waiver may be effective even "without consideration" (EPTL 5-1.1-A[e][3][D]). Finally, the objectant's contention that the petitioner failed [*3]to adequately authenticate the purported original prenuptial agreement is without merit, since, among other reasons, the objectant personally confirmed the authenticity of a copy of the prenuptial agreement under oath at her deposition and the record before the court was sufficient to demonstrate that the purported original prenuptial agreement was the same as that copy in all material respects.
The objectant's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court